<u>LEGAL NOTICE BY ORDER OF THE COURT</u>

**IF YOU WERE A CHASE CREDIT CARD HOLDER AND WERE ENROLLED IN OR BILLED FOR A PAYMENT PROTECTION PRODUCT AT ANY TIME BETWEEN SEPTEMBER 1, 2004 AND NOVEMBER 11, 2010, THIS NOTICE DESCRIBES YOUR RIGHTS IN CONNECTION WITH A SETTLEMENT OF A LAWSUIT**

*A court authorized this Notice.*
*This is not a solicitation from a lawyer.*
***This is not a legal action against you.***

This notice describes a proposed class action settlement involving Chase payment protection products – products under which credit card debt can be forgiven or suspended under certain circumstances.  If you had a Chase credit card (including certain store cards) and you fit the description of the settlement class:

- You can make a claim for an amount estimated to be **$60** (before fees and expenses) if you applied for payment protection benefits and were denied those benefits;

- You can make a claim for an amount estimated to be **$30** (before fees and expenses) if you were enrolled or billed for a payment protection product without your knowledge or consent;

- You can make a claim for an amount estimated to be **$30** (before fees and expenses) if you were self-employed, retired, seasonally employed, or employed less than 30 hours per week (or less than 15 hours per week for students), or voluntarily forfeited your job (resigned) at some point during your enrollment in a Chase payment protection product;

- You can make a claim for an amount estimated to be **$15** (before fees and expenses) if you were not completely satisfied with the payment protection product in which you were enrolled.

- You must fill out a simple 1-page claim form [enclosed with this mailing] [available on this website] and submit it by the deadline of ___ to receive benefits from the settlement;

- The deadline for excluding yourself from the Settlement is ____.  If the Settlement is approved and you do not exclude yourself, you will be bound by the Settlement and will release certain claims described below.

- The deadline for objecting to the Settlement is _____.

Please read this notice carefully.  It describes your rights and options under the Settlement.

**<u>DO NOT</u> CALL OR WRITE THE COURT, THE COURT CLERK'S OFFICE, CHASE, OR CHASE'S COUNSEL FOR MORE INFORMATION.**

BASIC INFORMATION

In a class action case known as *Kardonick, et. al. v. JPMorgan Chase & Co. et al.*, Case No. 10-cv-23235, the plaintiffs alleged that Chase engaged in breaches of contract, breaches of implied covenant, and violations of the unfair and deceptive acts and practices statutes of various states, among other matters, in connection with marketing and administering Payment Protection Products. Chase denies Plaintiffs' allegations and denies that it did anything wrong. The Court has not decided who is right.

A settlement of this lawsuit ("Settlement") has been negotiated which may entitle you to a payment. By entering into the Settlement, Chase has not conceded the truth or validity of any of the claims against it. Your rights and options under the Settlement — and the deadlines to exercise them — are explained below.

| YOUR LEGAL RIGHTS AND OPTIONS | |
|---|---|
| **SUBMIT A CLAIM** | Class members who submit a valid claim form by the deadline of _____ will receive a payment or a credit to their accounts, and will give up certain rights to sue Chase as described in part 6 below. |
| **DO NOTHING** | If you do nothing, you will receive no money from the Settlement, but you will still give up certain rights to sue Chase as described in part 6 below. |
| **EXCLUDE YOURSELF FROM THE CASE** | This is the only option that allows you to sue Chase on your own regarding Payment Protection Products, but you will not receive a payment or credit from the Settlement. The deadline for excluding yourself is: _____ . |

1. **WHO IS IN THE SETTLEMENT CLASS?**

The United States District Court for the Southern District of Florida has certified, for settlement purposes only, a class action *Kardonick, et. al. v. JPMorgan Chase & Co. et al.*, Case No. 10-cv-23235. The class (the "Settlement Class") is defined as:

> All Chase credit card holders who were enrolled in or billed for a Payment Protection Product at any time between September 1, 2004 and November 11, 2010. Excluded from the class are all Chase cardholders whose Chase credit card accounts that were enrolled or billed for a Payment Protection Product were discharged in bankruptcy.

Chase credit card holders include holders of Chase-issued credit and charge card accounts and Chase-issued business cards and private label cards such as Chase-issued Toys "R" Us, Kohl's, TJMaxx, Best Buy, or Circuit City cards.

"Payment Protection Product" means any products offered by Chase (whether directly or indirectly through co-brand, private label, or other partners) under which credit card debt may be cancelled or suspended under certain circumstances such as death, disability, hospitalization, or unemployment.  Payment Protection Products include, but are not limited to, Chase Payment Protector, Chase Payment Advantage, Account Protection Plan, Total Protection Plan, Account Security Plan, Account Ease, and any other Chase business card or private label account debt suspension or cancellation product, by whatever name any of the foregoing products are or were known.  "Payment Protection Product" does not include non-credit card products.  In some instances, cardholders may be class members because they enrolled in a payment protection product on a Bank One, Providian or Washington Mutual credit card account and then continued their enrollment after the account became a Chase account.

### 2.   WHAT WAS THIS LAWSUIT ABOUT?

This case was brought as a class action alleging that Defendants engaged in breaches of contract, breaches of implied covenant, and violations of the unfair and deceptive acts and practices statutes of various states, among other matters, in connection with the marketing, selling, and administration of Payment Protection Products.  More specifically, the lawsuit alleges that Chase unilaterally enrolled cardholders in Payment Protection Products that suspend or cancel the balance due on the credit card under certain circumstances without adequately disclosing the terms of these products prior to enrolling a customer.  The lawsuit further alleges that it was too difficult to obtain Payment Protection benefits for eligible claims, it was too difficult to disenroll from Payment Protection Products, and that those Products were improperly marketed and sold.

Chase denies these allegations; however, in order to avoid the expense, inconvenience, and distraction of continued litigation, Chase has agreed to the settlement described herein.

### 3.   WHO REPRESENTED ME?

In a class action, one or more people or entities called class representatives sue on behalf of people and entities who have similar claims.  In this case, David Kardonick, John David and Michael Clemins sued Chase in a representative capacity, and the Court has appointed them Settlement Class Representatives for all class members, including you, in this case.

The Court also approved the law firms of Carney Williams Bates Bozeman & Pulliam PLLC and Golomb & Honik, PC to represent you and the other Settlement Class Members.  If you want to be represented by your own lawyer, you may hire one at your own expense.

### 4.   WHAT BENEFITS CAN I RECEIVE AS A RESULT OF THIS SETTLEMENT?

Under the Settlement, Chase has agreed to create a Settlement Fund of twenty million dollars ($20,000,000), plus additional consideration in the form of credit to the unpaid balances of certain Charged-Off Class Members as stated in Section IX.D of the Settlement Agreement, to fund the payment of claims as well as the costs of the litigation, the settlement, and an attorney fee award in an amount to be approved by the Court.  Each class member who submits a claim form will receive a share of the settlement fund after reduction for administrative costs, attorney fees, and legal expenses as approved by the Court.

**You cannot receive a payment unless you submit a claim form**.  Claim forms may be submitted online at www.KardonickSettlement.com or by filling out and mailing in the attached

form. *Submitting claims online is recommended.*

Claims will be paid either by a check mailed directly to you or by a credit to your account. The amount of the payment or credit will vary based upon several factors, including whether you ever tried to obtain payment protection benefits from Chase, whether your request for benefits was accepted or denied, the total number of class members submitting a claim in this Settlement, and the amount of fees and expenses incurred in connection with the Settlement. Based upon these factors, it is estimated that the benefits from this Settlement will be distributed as outlined below:

If you made a claim for payment protection plan benefits and your claim was denied, it is estimated you will receive $60, before fees and expenses.

If you were billed for or enrolled in a Chase Payment Protection Product without your knowledge or consent **and/or**, at any point during your enrollment in a Chase Payment Protection Product, you were self-employed, retired, seasonally employed, employed less than 30 hours per week (or less than 15 hours per week for students), or if you voluntarily forfeited your job (resigned), it is estimated you will receive $30, before fees and expenses.

If none of the above categories apply to you, but you are not completely satisfied with the Chase Payment Protection Product(s) in which you were enrolled at any point between September 1, 2004 and November 11, 2010, it is estimated you will receive $15, before fees and expenses.

**These figures are only estimates. Actual payments could be more or less than these amounts.**

### 5. DO I HAVE TO PAY THE LAWYERS REPRESENTING ME?

No. Class Counsel will apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not greater than 25% of the Settlement Fund and for reimbursement of their out-of-pocket expenses in an amount not to exceed $150,000.00. To date, Class Counsel have not received any payment for their services in conducting this Litigation on behalf of the Settlement Class Representatives and the Members of the Settlement Class; nor have Class Counsel been reimbursed for their costs and expenses directly relating to their representation of the Settlement Class. Class Counsel are also moving the Court to award a service payment of $2,500 to each of the three Settlement Class Representatives as a recognition of their service to the Settlement Class. The amount of any fee or service award will be determined by the Court.

### 6. WHAT AM I AGREEING TO BY REMAINING IN THE SETTLEMENT CLASS IN THIS CASE?

Unless you exclude yourself, you will be part of the Settlement Class, and you will be bound by the release of claims in the Settlement. This means that if the Settlement is approved, you cannot sue, continue to sue, or be part of any lawsuit against Chase asserting a released claim, such as a suit about the marketing, sale, or administration of Payment Protection Products. It also means that the Court's Orders approving the settlement and the judgment in this case will apply to you and legally bind you.

The released claims that you will not be able to assert against Chase or its related parties if you remain a part of the Settlement Class are as follows:

> Any and all Claims which you ever had, now have, or may have in the future, arising out of or in any way relating to (i) any act, omission, event, incident, matter, dispute, or injury regarding a Payment Protection Product, including, without limitation, the development, sale, pricing, marketing, claims handling, enrollment procedures, disenrollment procedures, or administration of a such a product, that took place on or before November 11, 2010, (ii) any acts or omissions that were raised or could have been raised within the scope of the facts asserted in the class action lawsuit or *Kardonick v. JPMorgan Chase & Co. et al.*, No. 1:10-cv-23235-WHM (S.D. Fla.), *David v. JPMorgan Chase & Co. et al.*, No. 4-10-cv-1415 (E.D. Ark.), or *Clemins v. JPMorgan Chase & Co. et al.*, No. 2:10-cv-00949-PJG (E.D. Wis.), or (iii) any event, matter, dispute, or thing that in whole or in part, directly or indirectly, relates to or arises out of said events specified in (i) or (ii) of this paragraph.

If you remain a part of the Settlement Class, you will not be able to assert these claims against Chase Bank USA, N.A., JPMorgan Chase & Co., their predecessors, affiliates, subsidiaries, private label or co-brand partners, payment protection claims administrators, employees, officers, attorneys, and directors, and certain other related parties identified in the Settlement Agreement.

### 7. WHAT IF I DO NOT AGREE WITH THE SETTLEMENT?

If you are a member of the Settlement Class, you may object to the Settlement or any part of the Settlement that you think the Court should reject, and the Court will consider your views. To object, send a letter setting forth (1) the name and case number of this lawsuit (*Kardonick v. JPMorgan Chase & Co.*, Case No. 10-cv-23235, (S.D. Fla.)); (2) your full name and current address; (3) either the number that appeared on the label of the postcard you received about this Settlement, the last four digits of your Social Security Number, or the last four digits of any Chase credit card account that was enrolled in a Payment Protection Product at some time between September 1, 2004 and November 11, 2010; (4) the reasons why you object to the Settlement; and (5) your signature. **Your objection must be mailed in time to be received by the Court and counsel for the Plaintiffs and the Defendants no later than [fill in date 21 days before fairness hearing].** If you mail a timely objection, the Court may permit you to speak about the settlement at a hearing currently scheduled for _____. Objections should be mailed to all three of the following:

   Clerk of the Court
   Southern District of Florida
   400 North Miami Ave.
   Miami, Florida 33128


   Carney Williams Bates Bozeman & Pulliam, PLLC
   11311 Arcade Drive, Suite 200

Little Rock, Arkansas 72212

Zachary Parks

Covington & Burling LLP

1201 Pennsylvania Avenue NW

Washington, DC 20004

### 8. HOW DO I EXCLUDE MYSELF FROM THE SETTLEMENT CLASS IN THIS CASE?

If you want to keep the right to sue or continue to sue Chase, on your own, about any of the released claims, you must exclude yourself from the Settlement Class. If you exclude yourself, you will not be eligible to recover any benefits as a result of this Settlement.

To exclude yourself from the Settlement Class, you must send a letter by mail and include: (1) the name and case number of this lawsuit (*Kardonick et. al. v. JPMorgan Chase & Co. et al.*, Case No. 10-cv-23235); (2) your full name and current address; (3) either the number that appeared on the label of the postcard you received about this Settlement, the last four digits of your Social Security Number, or the last four digits of any Chase credit card account that was enrolled in a Payment Protection Product at some time between September 1, 2004 and November 11, 2010; (4) a statement that you wish to exclude yourself from the Settlement Class; and (5) your signature. You must mail your exclusion request to the following address so that it is received no later than [3 weeks prior to fairness hearing], 2011 to: [insert address].

**REQUESTS FOR EXCLUSION FROM THE CLASS THAT ARE NOT RECEIVED ON OR BEFORE _____, 2011 WILL NOT BE HONORED.**

You cannot exclude yourself from the Settlement Class by telephone or by email. You cannot exclude yourself by mailing a request to any other location or after the deadline. Your exclusion letter must be signed by you. You cannot exclude yourself by having an actual or purported agent or attorney acting on behalf of you or a group of Settlement Class members sign the letter. You must personally sign the letter to exclude yourself from the class.

### 9. WHAT HAPPENS IF I DO NOTHING AT ALL?

You will remain a member of the Settlement Class. However, you must file a claim form in order to receive a benefit in this Settlement. See question 5, above.

### 10. IS THIS THE ENTIRE SETTLEMENT?

No. This is only a summary of the Settlement. If the Settlement is approved and you do not exclude yourself from the Settlement Class, you will be bound by the release contained in the Settlement Agreement, and not just by the terms of this Notice. Capitalized terms in this Notice are defined in the Settlement Agreement. You can review the full Settlement (including the Settlement Agreement) online at www.KardonickSettlement.com, or you can write to the address below for more information.

### 11. WHERE CAN I GET MORE INFORMATION?

For more information, you may visit www.KardonickSettlement.com, you may write to the Kardonick Settlement Administrator at 1515 Market, Suite 1700, Philadelphia, PA 19102, or you may call (---) ___-____.

**NOTE: DO NOT** CALL OR WRITE THE COURT, THE COURT CLERK'S OFFICE, CHASE, OR CHASE'S COUNSEL FOR MORE INFORMATION.