UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:10-cv-23235/HOEVELER

DAVID KARDONICK, JOHN DAVID, and
MICHAEL CLEMINS, individually and on behalf of
all others similarly situated and the general public,

              Plaintiff,

v.

JPMORGAN CHASE & CO. and CHASE BANK
USA, N.A.

              Defendants.

**CORRECTED**
**[~~PROPOSED~~] ORDER (1) CONDITIONALLY CERTIFYING A SETTLEMENT CLASS, (2) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, (3) APPROVING NOTICE PLAN, AND (4) SETTING FAIRNESS HEARING**

Hoeveler, District Court Judge:

    Subject to Court approval, Settlement Class Representatives David Kardonick, John David, and Michael Clemins ("Plaintiffs" or "Settlement Class Representatives"), on the one hand, and Chase Bank USA, N.A. ("Chase") and JPMorgan Chase & Co. ("JPMorgan" and, together with Chase, "Defendants"), on the other hand, entered into a Stipulation and Agreement of Class Action Settlement dated December 20, 2010 in proposed Settlement of the Litigation (together, with its exhibits, the "Settlement Agreement").

Application has been made for Preliminary Approval of the Settlement, upon the terms and conditions in the Settlement Agreement. The Court has received and reviewed (i) the Settlement Agreement and all exhibits attached thereto; (ii) Plaintiffs' Memorandum in Support of the Motion for Preliminary Approval of Settlement, Conditional Certification of the Settlement Class, Approval of Notice Plan, and Setting of Fairness Hearing and all Exhibits attached thereto; and (iii) all other pleadings and matters of record.

The Court preliminarily considered the Settlement to determine, among other things, whether the Settlement is sufficient to warrant the issuance of notice to members of the Settlement Class (as defined below). Upon review the Settlement Agreement, it is hereby ORDERED as follows:

1. The Court has jurisdiction over the subject matter of the Litigation, the Parties, and all members of the Settlement Class.

2. The definitions and terms set forth in the Settlement Agreement are hereby adopted and incorporated into this Order.

3. Subject to this Court's authority to determine whether to finally approve the Settlement at the final approval hearing ("Fairness Hearing") described in Paragraph 22 of this Order:

(a) The Court hereby preliminarily approves the Settlement Agreement and the Settlement contemplated thereby, as being a fair, reasonable and adequate settlement as to all members of the Settlement Class within the meaning of Rule 23 of the Federal Rules of Civil Procedure, and as being the product of informed, arm's length, negotiation by counsel, and directs the Parties to

     proceed with the settlement pursuant to the terms and conditions of the Settlement Agreement and exhibits thereto.

  (b) The terms of the Settlement Agreement are preliminarily approved for the purpose of sending and publishing the Notice to the Settlement Class.

4. The Court, pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure, conditionally certifies, for purposes of this Settlement only, the following Settlement Class in this Litigation, subject to further consideration at the Fairness Hearing:

  (a) A class comprised of all Chase Cardholders who were enrolled or billed for a Payment Protection Product at any time between September 1, 2004 and November 11, 2010. Excluded from the class are all Chase Cardholders whose Chase Credit Card Accounts that were enrolled or billed for a Payment Protection Product were discharged in bankruptcy.

5. The Court hereby approves Plaintiffs as representatives of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure, and finds that, for settlement purposes only, these representative plaintiffs have and will fairly and adequately protect the interests of the Settlement Class.

6. The Court hereby also approves Richard M. Golomb and Ruben Honik, Golomb & Honik, PC, 1515 Market Street, Suite 1100, Philadelphia, PA 19102, and Allen Carney and Randall K. Pulliam, Carney Williams Bates Bozeman & Pulliam, PLLC, 1311 Arcade Drive Suite 200, Little Rock, Arkansas 72212, as Settlement Class Counsel pursuant to Rule 23 of the Federal Rules of Civil Procedure, and finds that for settlement purposes, Messrs.

Golomb, Honik, Carney, and Pulliam have and will fairly and adequately protect the interests of the Settlement Class.

7. Class Counsel are authorized to act on behalf of the Settlement Class with respect to all acts required by the Settlement Agreement or such other acts which are reasonably necessary to consummate the proposed Settlement set forth in the Settlement Agreement.

8. Neither certification of the Settlement Class for settlement purposes only, nor any other act relating to the negotiation, execution or implementation of the Settlement Agreement, shall be considered as a factor in connection with any class certification issue(s) if the Settlement Agreement terminates or Final Approval does not occur.

9. Within ten (10) business days after the entry of this Order, Defendants shall cause the sum of $3,607,350 (the "Advanced Notice Costs") to be paid, by wire transfer, into a segregated escrow account (the "Settlement Fund") to be established for receipt of the Defendants' payment. Within thirty (30) days after the entry of this Order, Defendants shall cause the Settlement Consideration Balance to paid, by wire transfer, into the Settlement Fund.

10. Notwithstanding the deadlines set forth in Paragraph 9, Defendants shall not be required to make any payments to the Settlement Fund until Defendants, Class Counsel, and the Settlement Class Representatives have agreed to a mutually acceptable escrow agreement that shall provide the terms and conditions governing the Settlement Fund.

11. The Settlement Fund shall be subject to the continuing jurisdiction of the Court. Funds from the Settlement Fund will be distributed only pursuant to court approval. The Court hereby approves disbursement of $3,607,350.00 to the Settlement Administrator to cover initial costs of mailing and notice.

12. The Court hereby finds and orders that the proposed notice and claims submission plan set forth in Section VIII of the Settlement Agreement, the Notice, attached to the Settlement Agreement as Exhibit D, the Long-Form Notice, attached to the Settlement Agreement as Exhibit E, the Publication Notice, attached to the Settlement Agreement as Exhibit H, the Online Claims Form, attached to the Settlement Agreement as Exhibit F, and the Hard-Copy Claims Form, attached to the Settlement Agreement as Exhibit G, fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, provide the best notice practicable under the circumstances to the members of the Settlement Class, provide individual notice to all members of the Settlement Class who or which can be identified through reasonable effort, and provide publication notice to members of the Settlement Class. The Court hereby directs that the Notice be provided to the members of the Settlement Class substantially in the form set out as Exhibit D to the Settlement Agreement, provided that the Parties, by agreement, may revise the Notice in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy and may adjust the layout of the Notice for clarity and efficient mailing.

13. The Court hereby approves the form and substance of the Notice to the Settlement Class, which is attached to the Settlement Agreement as Exhibit D, the Long-Form Notice, which is attached to the Settlement Agreement as Exhibit E, the Claims Forms, which are attached to the Settlement Agreements as Exhibits F and G, and the Publication Notice, which is attached to the Settlement Agreement as Exhibit H. The Court hereby instructs the Parties to proceed with notice in the manner contemplated in Section VIII of the Settlement, provided that the Parties, by agreement, may revise the Notice, the Long-Form Notice, the Publication Notice, and the Claims Forms in ways that are not material, or in ways that are appropriate to update

those documents for purposes of accuracy and clarity and may adjust the layout of the Notice, the Long-Form Notice, and the Hard-Copy Claims Form for efficient mailing.

14. Class Counsel shall be responsible for instructing the Settlement Administrator to provide Notice of the preliminarily approved Settlement to the Settlement Class in accordance with the provisions of the Settlement Agreement and this Order.

15. The Notice to the Settlement Class, substantially in the form attached as Exhibit D to the Settlement Agreement, shall be mailed to potential members of the Settlement Class, by no later than the latest of (1) 60 days after the Settlement Administrator receives the Class Notice Data from Chase or (2) 45 days after the Settlement Administrator receives payment of the Advance Notice Costs. The deadline for submitting a claim shall be 120 days after the deadline for mailing the Notice to the Settlement Class. The Notice shall be sent to all members of the Settlement Class at their last known addresses, to the extent they can be reasonably identified, with address updating and verification where reasonably available.

16. Chase shall, at least seven (7) days prior to the Fairness Hearing, file with the Court a declaration describing the notices it has provided to the appropriate State and federal officials pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715.

17. Class Counsel shall instruct the Settlement Administrator to file with the Court, by at least fourteen (14) days prior to the Fairness Hearing, proof of mailing of the Notice to all members of the Settlement Class who can be reasonably identified.

18. The Notice will inform members of the Settlement Class of their right to submit a request for exclusion, or "opt-out," from the conditionally certified Settlement Class. Any member of the Settlement Class who does not file an objection to the Settlement shall have the right to opt out of the Settlement Class. The Class Notice will inform members of the

Settlement Class that to opt-out they must mail, by First Class U.S. Mail, so that it is received no later than twenty-one (21) days prior to the date fixed by this Court for the Final Approval Hearing, a written request for exclusion from the Settlement Class ("Exclusion Request").

19. Exclusion requests must: (i) include the name and case number of this lawsuit; (ii) include that Person's full name and current address; (iii) include either the number that appears on the label of the Notice the Person received, the last four digits of the Person's Social Security Number, or the last four digits of any of the Person's Chase credit card accounts that were enrolled in a Payment Protection Product at some time between September 1, 2004 and November 11, 2010; (iv) include a statement that the Person wishes to exclude him- or herself from the settlement; and (v) be signed by the Person requesting to opt out.

20. No request for exclusion will be valid unless the information described in Paragraph 19 above is included. If a timely and valid request for exclusion is made by a member of the Settlement Class, then that Person shall not be a Settlement Class Member, and the Settlement Agreement and any determinations, judgments, and/or orders concerning it shall not bind the excluded Person.

21. All Settlement Class Members shall be bound by all determinations and judgments concerning the Settlement Agreement and the Settlement contemplated thereby.

22. The Court's preliminary approval of the Settlement shall be subject to further consideration at a hearing to be held before this Court on Sept 9, 2011 at 10:30 on (the "Fairness Hearing"). The Court will determine at or following the Fairness Hearing whether the proposed settlement is fair, reasonable, and adequate and should be finally approved by the Court, the amount of attorney's fees, costs, and expenses that should be awarded to Class Counsel, and any amounts to be awarded to the Settlement Class Representatives for their

7

contributions to the Settlement Class. The date and time of the Fairness Hearing shall be set forth in the Notice. The Court retains jurisdiction to consider all further applications arising out of or in connection with the Settlement Agreement.

23. The Parties shall make the following filings:

- By no later than forty (40) days prior to the Fairness Hearing, Class Counsel shall file an application for attorney's fees, Settlement Class Representatives' Awards, and reimbursement of costs and expenses, as contemplated in the Settlement Agreement.

- By no later than fourteen (14) days prior to the Fairness Hearing, Class Counsel and counsel for Defendants shall file with the Court any papers in support of final approval of the Settlement. Copies of all papers shall be served upon all persons or their counsel who file a valid and timely objection to the Settlement (as described in Paragraph 24 below).

- Not later than fourteen (14) days before the date fixed by this Court for the Fairness Hearing, Class Counsel shall cause to be filed with the Clerk of this Court: (a) a list of members of the Settlement Class who made timely and proper Exclusion Requests; and (b) a response to any timely filed objections to the Settlement or request for an award of Attorneys' Fees and Expenses of Class Counsel.

24. Any member of the Settlement Class may appear at the Fairness Hearing, in person or by counsel (if an appearance is filed and served), and may be heard, to the extent allowed by the Court in support of, or in opposition to, the fairness, reasonableness, and adequacy of the Settlement, the application for an award of attorney's fees, costs, and expenses to Settlement Class Counsel, and any compensation to be awarded to the Settlement Class Representatives. Unless such requirement is excused by the Court, no person shall be heard in opposition to the Settlement, the application for an award of attorney's fees, costs, and expenses to Settlement Class Counsel, or to any compensation to be awarded to the Settlement Class Representatives unless, on or before twenty-one (21) days prior to the date fixed by this Court for the Fairness Hearing, such member of the Settlement Class files with the Clerk of the Court a notice of an intention to appear together with a statement that indicates all bases for such opposition along with any supporting documentation, including proof of membership in the

Settlement Class, and legal authority, if any, supporting the objection. Copies of such notice, statement, and documentation, together with copies of any other papers or briefs filed with the Court, must be simultaneously delivered to Settlement Class Counsel and counsel for Defendants. Any Settlement Class Member who does not object in the foregoing manner shall be deemed to have waived all objections and shall be foreclosed from making any objections to the Settlement Agreement.

25. The Court reserves the right to adjourn and/or reschedule the Fairness Hearing without further notice of any kind; therefore, any Settlement Class Member intending to attend the Fairness Hearing should (in addition to complying with all instructions and requirements above) confirm the date, time, and location of the Fairness Hearing with Settlement Class Counsel.

26. All members of the Settlement Class, except those members of the Settlement Class who validly opt-out and submit timely Exclusion Requests, shall be bound by all determinations and judgments in the Litigation, whether favorable or unfavorable to the Settlement Class.

27. Pending the final determination of whether the Settlement should be approved, all pre-trial proceedings and briefing schedules in this action are stayed. If the Settlement is terminated or Final Approval does not for any reason occur, the stay of this action shall be immediately terminated.

28. Pending the final determination of whether the Settlement should be approved, the Settlement Class Representatives and each Settlement Class Member is hereby stayed and enjoined from commencing, pursuing, maintaining, enforcing, or prosecuting, either directly or indirectly, any Released Claims in any judicial, administrative, arbitral, or other

forum, against any of the Released Parties; provided, that this injunction shall not apply to individual claims of any member of the Settlement Class who has timely and properly opted out from the Settlement Class as permitted by the Court. Such injunction shall remain in force until Final Approval or until such time as the Parties notify the Court that the Settlement has been terminated. Nothing herein shall prevent any Settlement Class Member, or any Person actually or purportedly acting on behalf of any Settlement Class Member(s), from taking any actions to stay and/or dismiss any Released Claim(s). This injunction is necessary to protect and effectuate the Settlement Agreement, and the Settlement contemplated thereby, this Preliminary Approval Order, and the Court's flexibility and authority to effectuate the Settlement Agreement and to enter Final Judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

29. If the Settlement is not approved or consummated for any reason whatsoever, the Settlement and all proceedings in connection with the Settlement shall be without prejudice to the right of Defendants or the Settlement Class Representatives to assert any right or position that could have been asserted if this Settlement Agreement had never been reached or proposed to the Court, except insofar as the Settlement Agreement expressly provides to the contrary. In such an event, the Parties shall return to the *status quo ante* in the litigation, the Amended Consolidated Class Action Complaint shall be dismissed without prejudice, the certification of the Settlement Class shall be deemed vacated, and the operative Complaints shall be the Complaints in the prior Litigation. The certification of the Settlement Class for settlement purposes shall not be considered as a factor in connection with any subsequent class certification issues.

30. If the Settlement is finally approved by the Court, the Court shall retain jurisdiction over the Parties, the Settlement Class Members, and the Litigation, in each case only with respect to matters arising out of, or connected with, the Settlement, and may issue such orders as necessary to implement the terms of the Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, without further notice to the Settlement Class Members.

31. In the event that any of the provisions of this Preliminary Approval Order is asserted by any Defendant as a defense in whole or in part to any Claim or otherwise asserted in any other suit, action or proceeding by a Settlement Class Member, the Defendant may assert that defense either in the tribunal in which the Claim is asserted or in this Court, at the Defendant's discretion. Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Settlement Agreement, this Order and this Court's flexibility and authority to effectuate the Settlement Agreement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

32. The Settlement Agreement (including, without limitation, its exhibits), and any and all negotiations, documents and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, of any liability or wrongdoing, by Defendants, or the truth of any of the claims, and evidence relating to the Settlement Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in the Litigation or in any other action or

proceeding, except for purposes of demonstrating, describing, implementing or enforcing the terms and conditions of the Settlement Agreement, this Order and/or the Final Judgment and Order of Dismissal.

SO ORDERED.

Dated: February 11, 2011.

_____
The Honorable William Hoeveler
United States District Judge