UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-23235-CIV-HOEVELER

DAVID KARDONICK, JOHN DAVID, and
MICHAEL CLEMINS, individually and on
behalf of all others similarly situated and
the general public,

    Plaintiffs,

JP MORGAN CHASE & CO. and
CHASE BANK USA, N.A.,

    Defendants.
_____/

## ORDER DENYING MOTION TO INTERVENE

This cause is before the Court on the Motion to Intervene. The Court heard argument from the parties on April 25, 2010. The Court has determined that the parties seeking intervention are not entitled to that relief, as described below.

This case was filed on September 8, 2010. Approximately three months later, the parties notified the Court that a settlement had been reached. On February 11, 2011, this Court entered an order conditionally certifying the class, preliminarily approving the settlement, and scheduling a fairness hearing for Sept. 9, 2011. Purported Intervenors filed their motion approximately one month after the Court's Order was entered, and seek to have that Order vacated or to "be allowed to take tailored discovery into Chase's and its administrator's Payment Protection practices, the settlement process and valuation so that the record can be complete for the final approval hearing." Intervenors' Reply brief, at 2.

The Court has considered the arguments of the parties and reviewed pertinent portions of the file. According to the Declaration of Jonathan B. Marks, the mediator who conducted the two day mediation which resulted in the settlement of this action, no collusion was observed and "it was apparent that [collusion or untoward behavior of counsel for any party] was not the case." Declaration, ¶ 21. Intervenors' counsel has made a number of arguments, none of which establish a right to intervene, nor a compelling basis for permissive intervention under Fed. R. Civ. P. 24 for these proposed Intervenors - each of whom appear to be adequately represented by class plaintiffs and their counsel.[1] The individuals seeking intervention are, of course, entitled to either opt-out of this class action or file an objection thereto, which this Court will address at the fairness hearing or before - if an urgent need arises. The Court finds no need to permit discovery by proposed Intervenors' counsel at this time. Based on the above, it is

ORDERED AND ADJUDGED that the Motion to Intervene is DENIED.

DONE AND ORDERED in Miami, Florida, this 26th day of April 2011.

_____
WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT JUDGE

copies to: counsel of record

---

[1] The settling parties argue that three of the six proposed Intervenors lack standing - the Court need not reach that argument.