UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA (MIAMI)

FILED by _____ D.C.

AUG 18 2011

STEVEN M. LARIMORE
CLERK L. S. DIST. CT.
S. D. of FLA. -- MIAMI

| | |
|---|---|
| David Kardonik, John David, and Michael Clemins, individually and on behalf of all others similarly situated and the general public, | Case No. 10- CV-23235 (S.D. Florida) |
| | **CLASS ACTION** |
| Plaintiffs | Assigned to : Senior Judge William M. Hoeveler |
| v. | |
| JP Morgan Chase & Co, and Chase Bank USA, N.A. | |
| Defendants. | |

## OBJECTION TO PROPOSED SETTLEMENT

TO THE HONORABLE DISTRICT JUDGE:

COMES NOW, Daniel and Katie Sibley and Cindy Barginear ("Objectors") and Class Members, by and through their undersigned counsel, hereby file these Objections to the Proposed Class Action Settlement, and give notice of their counsel's intent to appear at the settlement and fairness hearing on September 9, 2011, and speak concerning this settlement.

Objectors represent to the Court that they are Class Members, holding or having had Credit Card accounts during the class period and being charged for a payment protection product, and are qualified to make claims for the proposed relief as set forth in the NOTICE OF CLASS ACTION SETTLEMENT.

OBJECTION TO PROPOSED SETTLEMENT. – Page 1

1.      **Notice is Inadequate**

In *Mullane v. Central Hanover Tr. Co.*, 339 U.S. 306, 70 S.Ct. 652 (1950), the Supreme

Court held:

> "The fundamental requisite of due process of law is the opportunity to be heard." *Grannis v. Ordean,* 234 U.S. 385, 394.
>
> . . . As to known present beneficiaries of known place of residence, however notice by publication stands on a different footing.
>
> ... where the names and post office addresses of those affected by a proceeding are at hand, the reasons disappear for resort to means less likely than the U.S. mails to apprise them of its pendency. *(at p.318.)*
>
> . . .The statutory notice to beneficiaries is inadequate, not in fact because it fails to reach everyone, but because under the circumstances, it is not reasonably calculated to reach those who could easily be informed by other means at hand. *(at p.319.)*

More recently, in the case of *Eisen v. Carlisle and Jacqueline*, 417 U.S. 156, 174,

94 S.Ct. 2140, 2150 (1974), the court had the opportunity to review the notice process

under Rule 23 and held:

> ... the express language and intent of Rule 23(c)(2) leave no doubt that individual notice must be provided to those class members who are identifiable through reasonable effort.

The Petitioner in *Eisen* defended the failure to send individual notice because: (1)

the cost would be prohibitively high and (2) because no prospective class member has a

large enough stake in the matter, *Eisen,* supra at p.2151.  In response, the court held:

> The short answer to these arguments is that individual notice to identifiable class members is not a discretionary consideration to be waived in a particular case.  It is rather, an unambiguous requirement of Rule 23.
>
> . . Petitioner further contends that adequate representation, rather than notice is the touchstone of due process in a class action and therefore satisfies Rule 23. We think this view has little to commend it.

. . . We therefore conclude that Rule 23(c)(2) requires that individual notice be
sent to all class members that can be identified with reasonable effort.

In a world of junk mail, computer spam and computer spam filters, important notices

such as "you are a member of a class action," may go unread or unopened. The Federal Judicial

Center, http://www.fjc.gov/ has a specific section entitled "Judge's Class Action Notice and

Claims Process Checklist and Plain Language Guide 2010," which suggests a percent of class to

be reached by notice at between 70-95%. This plan appears woefully deficient and highly

unlikely to reach the recommended 70% of the class.

In this case the notice problem is not what the notice says, but rather what the notice

doesn't say. In the Amended Consolidated Class Action Complaint, Docket 15, pg 3, class

counsel states:

> 12.     Payment Protection is so confusing as to when coverage is triggered
> so restricted in the terms of benefits it provides to subscribers, and
> processing claims is made so difficult by CHASE, that the product
> is essentially worthless.

Later class counsel on pg 4 class counsel estimates the size of the class at 14.5 million

consumers.

This settlement fails to tell class members that while CHASE may have charged

consumers millions if not billions for a product that class counsel calls worthless the lawsuit is

being settled for pennies on the dollar. The notice therefore fails to provide class members with

sufficient information so that they may make an informed decision as to whether to remain in the

class or opt out of the settlement.

2.    **Proposed Settlement Attempts to Place Unlawful Restrictions on Objectors**

The Proposed Settlement attempts to place unlawful requirements on objectors--contrary to Supreme Court authority. In *Devlin v. Scardelletti,* (2002) 536 U.S. 1, the Court held that objectors who appear at the fairness hearing have the right to appeal approval of a proposed settlement. The *Devlin* Court did not expand that requirement of appearing at the hearing to include other requirements such as making written objections by any certain date prior to the fairness hearing.

Nonetheless, and contrary to *Devlin,* the Settling Parties' agreement (and the Notice they wrote) purports to require objectors to make full written objection long before the fairness hearing on pain of not being heard.

This purported term in the Settling Parties' agreement is, it is submitted, unlawful.

The Notice is misleading in claiming that objectors will not be heard if they do not file full written objections and a notice that they will appear long, long before the fairness hearing and provide additional information.

It is respectfully submitted that a settlement agreement containing unlawful terms and founded on a misleading notice to class members may not be properly approved.

3.    **There is Insufficient Information Regarding the Adequacy of the Remedy**

The Notice, provides insufficient information regarding the value of the settlement. We have a common fund settlement of twenty million, with no explanation of how that figure was reached, nor any information regarding the potential size of the Class, a class member has to go to the complaint to determine the potential class size  Given the potential size of the Class, the

timeframe over which the conduct occurred, and the money received by CHASE as a result of this conduct, there is insufficient information provided to the Class to make any assessment on whether the settlement sum is fair and reasonable. Under Rule 23, the Court cannot make the determination that $20 million is fair, adequate and reasonable until information regarding class size, perceived damages and value of the settlement is provided. No estimate is provided as to the size cardholders whose accounts were changed off will receive a credit to there balance.

4.    **At Least One Sub-Class is Needed**

The Settling Parties' settlement places class members in four sub-classes . Objectors submit that , at least four sub-classes are needed, but, the Settling Parties' agreement makes no provision for any sub-class.   Further, the Settlement fails to take into account cardholders whose accounts have been sold to third parties for pennies on the dollar.

5.    **The Requested Fee Must be Closely Analyzed and Equitably Awarded**

The amount of the proposed fees in relation to the alleged benefits to the class renders the settlement unfair and unreasonable.  The amount of the proposed attorneys' fees is an integral element in determining whether the settlement is fair, reasonable, and adequate:

> The court's settlement review should include provisions for the payment of Class Counsel. In class actions whose primary objective is to recover money damages, settlements may be negotiated on the basis of a lump sum that covers both class claims and attorney fees. Although there is no bar to such arrangements, the simultaneous negotiation of class relief and attorney fees creates a potential conflict ... The judge can condition approval of the settlement on a separate review of the proposed attorneys' compensation.

MANUAL FOR COMPLEX LITIGATION 4th § 21.7, p. 335. The requested amounts are excessive here and show that his is exactly the type of settlement congress criticized, where Class Counsel get huge fees and the class gets coupons.

The Court should also carefully scrutinize the fees being requested by Class Counsel to assure the Court that there is a reasonable relationship between the amount requested and the work performed. Once a settlement in a class action has been agreed upon, defendants no longer have an incentive to negotiate vigorously concerning the attorneys' fees. Especially in a case like this where the Settlement Fund is the total amount that defendants will pay under the Settlement "for any purpose." *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, MDL 1559 (W.D. Mo. April 20, 2004), aff'd on other grounds, 922 F.3d 922 (8th Cir. 2005) ("the *Nextel* case").

Particularly where there is no evidence of the basis of the fee request, the Court assumes the position of a fiduciary for the Class when the question of attorneys' fees arises. At that point, Counsel and the Class have differing goals. Dozens of cases have confirmed and identified this fiduciary role. For example:

> Before considering the proper methodology for awarding attorney's fees out of a common fund, the Court feels compelled to define its role in these proceedings. When an attorney makes a claim for fees from a common fund, his interest is adverse to the interest of the class in obtaining recovery because the fees come out of the common fund set up for the benefit of the class. *Rawlings v. Prudential-Bache Properties, Inc.*, 9th F.3d 513, 516 (6th Cir. 1993). This divergence of interests requires a court to assume a fiduciary role when reviewing a fee application because there is often no one to argue for the interests of the class; class members with a small individual states in the outcome will often fail to file objections because they lack the interest or resources to do so and the defendant who contributed to the fund will usually have scant interest in how the fund is divided between the plaintiffs and the class counsel." *In Re Copley Pharmaceutical, Inc.*, 1 F. Supp. 2d 1407 (Wyoming, 1993). (emphasis added.)

In *Wise v. Popoff, et al.,* 835 F. Supp. 977, (E.D.Mich. 1993) the court describes the roles as follows:

> An attorney's role changes once he files a fee petition. No longer a fiduciary for his client he becomes nothing more complex than another claimant against the fund created for the client's benefit. The court must, in turn, become "the fiduciary for the fund's beneficiaries and must carefully monitor disbursement to the attorneys by scrutinizing the fee applications." *Skelton v. General Motors Corp.,* 860 F. 2d 250, 253 (7ᵗʰ Cir. 1988), cert denied, 493 US 810, 110 S.Ct. 53, 107 L. Ed 2d 22 (1989). A court should not "rubber stamp" fee applications *In re Cincinnati Gas & Electric Co. Securities Litigation,* 643 F.Supp. 148, 152 9S.D. Ohio 1986). The fact that the settling defendant may agree with the fee application (or, as in this case, be persuaded to remain silent about it), is irrelevant to the Court's analysis because the defendant having already paid the settlement amount, has little interest in the portion of the fund that the class attorney is allowed to retain." (emphasis added.)

This Court, therefore, must act as a fiduciary for the Class and conduct an in-depth investigation of the basis for the requested fee. The Court should at least determine what the Lodestar amount is (hours expended time hourly billing rate) and whether that bears a rational relationship to the fee requested. The Court should investigate not only the amount of time expended, but by whom it was expended. Was it by a partner, an associate or a contract attorney, and were the rates charged reasonable? Did one person take or defend a deposition, or were many associates in attendance? All of these matters should be investigated to make sure that the Class is not overcharged.

## 6. Objection to Certification do Common Questions of Law or Fact Exist

In light of *Wal-mart stores, Inc v. Dukes,* (No.10-277 decided June 20, 2011) it is necessary to review the common questions of law or fact.

The definition of the class is not adequate and does not comply with due process or Rule 23. Rule 23 and due process require that the class definition be precise, objective and presently ascertainable. MANUAL FOR COMPLEX LITIGATION 4ᵗʰ, p. 270. To determine if an individual is a

class member, a court must be able to do so by reference to the class definition and without inquiry into any sort of fact-finding.

The class definition is improper for the reasons set out below. Because the class definition here (1) does not provide a precise, objective and presently ascertainable way to identify class members and (2) requires a "mini trial" to determine whether a particular person is in the class, the class definition is not appropriate and the Court should not certify the class.

The class here is defined as:

> All Chase credit card holders who were enrolled or billed by Chase for a Payment Protection Product at any time between September 1, 2004 and November 11, 2010. Excluded from the class are all Chase cardholders whose Chase Credit Card Accounts that were enrolled or billed for a Payment Protection Product were discharged in bankruptcy.

The determination can be made from Chase's records: The issue is what representation were made and how were claims handled. Thus the determination of who is in the class requires a mini trial of the proposed class member, the Chase employee, and any witnesses to the transaction to determine whether Chase requested the information. Thus, class determination is not presently ascertainable.

Cases under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, bear out the problem with the class definition here. The two seminal TCPA cases on the class definition are *Forman v. Data Transfer, Inc.*, 164 F.R.D. 400, 403 (E.D. Pa. 1995) and *Kenro, Inc. v. Fax Daily, Inc.*, 962 F.Supp. 1162 (S.D. Ind. 1997). *Forman* held:

> Here, defining the purported class as "all residents and businesses who have received *unsolicited facsimile advertisements*" requires addressing the central issue of liability to be decided in the case. Determining a membership in the class would essentially require a mini-hearing on the merits of each case.

*Id.* at 403 (emphasis by the court). As the court emphasized, it was the inclusion of the factual finding requirement in the definition as to whether the fax was unsolicited that made the definition improper. In this case that same problem arises because the court would need to determine the representation made or Law claims were handled. Similarly, the *Kenro* court held:

> Because Kenro's class definition would require the court to conduct individual inquiries with regard to each potential class member in order to determine whether each potential class member had invited or given permission for transmission of the challenged fax advertisements, Kenro has failed to meet the requirements of Rule 23(a).

*Kenro,* 962 F.Supp. at 1169.

The fact that this is a settlement class does not provide for a lesser standard for the class definition. Whether the class is a litigation or settlement class, the definition must be precise, objective and presently ascertainable to comply with due process in giving fair notice to potential class members as to whether they are covered by the judgment. Settlement may eliminate problems with manageability, but it does not eliminate the due process requirement for providing a valid definition of the class.

Because the class definition is deficient, the court should not certify the settlement class nor approve the settlement.

**7.       Joinder in Other Objections**

This Objector adopts and joins in all other well taken – bona fide objections filed by other Class Members in this case, and incorporates them by reference as if they appeared in full herein.

**8.       Conclusion**

The weight of authority compels rejection of this settlement. Nonetheless, if the Court is subsequently presented with comprehensive comparative analysis by the settling parties, and can determine that the various statutes can all be accommodated, then subclasses must be created with customized relief to recognize the differences. Class Counsel should be compelled to produce evidence of the value of the settlement, the size of the class, the percentage of the class estimated to be reached, and the estimate of the percentage of class members who will participate in the settlement. The attorneys' fees application must be analyzed under applicable law.

OBJECTION TO PROPOSED SETTLEMENT. – Page 9

9.      **Relief**

WHEREFORE, this Objector respectfully requests this Court:

A.      Upon proper hearing, sustain these Objections;

B.      Upon proper hearing, enter such Orders as are necessary and just to adjudicate these Objections and to alleviate the inherent unfairness, in adequacies and unreasonableness of the proposed settlement;

Dated:  August 17, 2011

                           Respectfully submitted,


                           Thomas L. Cox, Jr.
                           S.B. 04964400
                           4934 Tremont
                           Dallas, TX  75214
                           (469) 531-3313  FAX:  (214) 855-7878
                           tcox009@yahoo.com

                           ATTORNEY FOR OBJECTORS


                    **CERTIFICATE OF SERVICE**

        I hereby certify that a copy of the above and foregoing document has been served upon the following by fax and regular mail on August 17, 2011:

Carney Williams Bates Bozeman & Pulliam, PLLC
11311 Arcade Drive, Suite 200
Little Rock, Arkansas 72212

Zachary Parks
Covington & Burling LLP
1201 Pennsylvania Avenue NW
Washington, DC  20004

                           Thomas L. Cox, Jr.