# SWEENEY & SWEENEY, S.C.

**Attorneys and Counselors**
440 Science Drive
Suite 101
MADISON, WISCONSIN 53711
E-mail: patrick@sweenlaw.com
FACSIMILE (608) 238-8262
TELEPHONE (608) 238-4444

In Boca Raton, Florida:
750 S. Dixie Highway
Boca Raton, Florida 33432
Facsimile (561) 395-9093
Telephone (561) 395-0000

August 18, 2011

<u>Via Us. Mail/Florida Court Electronic Filing System</u>

Clerk of the Court
US District of Florida
400 North Miami Avenue
Miami, Florida 33128

FILED by ___ D.C.
AUG 23 2011
STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

<u>Via US Mail and Facsimile</u>
Carney Williams Bates Bozeman & Pulliam, PLLC
1131 Arcade Drive, Suite 200
Little Rock, Arkansas 72212

<u>Via US Mail and Facsimile</u>
Zachary Parks
Covington & Burling LLP
1201 Pennsylvania avenue NW
Washington, DC 20004

  Re: Objection of Tom Blanchard
    Kardonick v. JPMorgan Chase & C.
    Case No. 10-cv-23235 (SD Fla.)

Dear Madam/Sir:

  Please be advised that this firm represents Tom Blanchard in the above-referenced matter. Mr. Blanchard has elected to object to the proposed settlement in this matter. Accordingly, please find the requested information as described in the Legal Notice By Order of the Court ("Settlement Notice") which was sent to members of the class describing the settlement and directing specific actions to the members of the class. The information requested is as follows:

  1. Name of Case and Case Number:
    Kardonick v. JPMorgan Chase & Co.
    Case No. 10-cv-23235 (S.D. Fla.)

  2. Name and Address of Class Member:
    Tom Blanchard
    2013 Foggy Mountain Pass
    Waunakee, WI 53597

Page 2
August 18, 2011

    3.    Last Four Digits of SS#: 3929

    4.    Reason for Objecting to Settlement:

For the following reasons, inter alia, the Settlement Agreement is not fair, reasonable and adequate.

1. Claims administration process fails to require reliable oversight, accountability, and reporting about whether the claims process actually delivers what was promised.
2. Timeframes and deadlines benefit Defendants and Class Counsel, but not Class Members; No timeframe for completing administration of the Monetary Relief is set, so Class Members cannot know when payment would arrive.
3. No amount of attorney fees is to be withheld to assure Class Counsel's continuing oversight and involvement in implementing settlement.
4. Attorney fees do not depend upon how much relief is actually paid to the Class Members.
5. The fee calculation is unfair in that the percentage of the settlement amount is far too high. (Please note the Nature of Settlement was filed with the Court less than 90 days from the filing of the Complaint.)
6. The claims process is cumbersome, unreasonable and designed to deprive Class Members of the relief which the Settlement Agreement purports to provide.
7. An undetermined amount of the requested attorney fees relates to charge off account credits, which is to difficult to quantify and has not been quantified and therefore cannot support this enormous fee.
8. Any fee awarded prior to knowing the amount of relief actually paid to Class Members must be limited to lodestar calculation.
9. Fee request is not reasonable in the absence of documentation, including billing records, which can be evaluated by Class Members and the Court.
10. Fees must be set at the market rate, not be arbitrarily claiming a charge off account credit fee ("not more than 25%")
11. The relief creates conflicts of interest among Class Members.
12. Some *cy pres* funds need to be used to benefit certain Class Members.
13. Attorneys' fees are disproportionate to the value of the Recovery of the Class.
14. The value of the Credit to the unpaid balance of charged off account is not easily ascertained and to the extent these charge offs make up part of the Settlement Fund they should not be given full credit as their actual value is pennies on a dollar.
15. There is a great disparity among Class Members as to awards.
16. Notice is inadequate in that no alleged violated statutes are referenced, no briefing schedule is included and that an objector's only remedy is to write a letter setting forth objections.

Page 3
August 18, 2011

        17.      The objector herein hereby adopts and joins in all other objections which are based on sufficient precedent and theories of equity and law in this case and hereby incorporates said objections by reference as if they were fully described herein.

Usually, at this juncture, a brief is required by the Notice of Settlement. In this case, it specifically requests a "letter" and "reasons" for the objections and nothing more. This objector hereby requests a scheduling order be issued allowing all objectors to file briefs and other memorandums of law and facts.

I thank you for you time and attention in this matter.

                Very truly yours,

                SWEENEY & SWEENEY, S.C.

                Patrick S. Sweeney