UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-cv-23235/HOEVELER

DAVID KARDONICK, individually and on behalf of all others similarly situated and the general public,

Plaintiff,

v.

JPMORGAN CHASE & CO. and CHASE BANK USA, N.A.

Defendants.

CLOSED CIVIL CASE

# FINAL JUDGMENT AND ORDER OF DISMISSAL

The Court having held a Fairness Hearing on September 9, 2011, notice of the Fairness Hearing having been duly given in accordance with this Court's Corrected Order (1) Conditionally Certifying a Settlement Class, (2) Preliminarily Approving Class Action Settlement, (3) Approving Notice Plan, and (4) Setting Fairness Hearing ("Preliminary Approval Order"), and having considered all matters submitted to it at the Fairness Hearing and otherwise, and finding no just reason for delay in entry of this Final Judgment and good cause appearing therefore,

It is hereby ORDERED AND ADJUDGED as follows:

1.  The Stipulation and Agreement of Class Action Settlement, including its exhibits (the "Settlement Agreement"), dated December 20, 2010 and the

1

definition of words and terms contained therein are incorporated by reference in this Order. The terms of this Court's Preliminary Approval Order are also incorporated by reference in this Order.

2. This Court has jurisdiction over the subject matter of the Litigation and over all Parties to the Litigation, including all members of the following Settlement Class conditionally certified for settlement purposes in this Court's Preliminary Approval Order.

3. Pursuant to Federal Rule of Civil Procedure 23, and for purposes of settlement only, the Court hereby certifies this action as a class action on behalf of the following Settlement Class:

> All Chase Cardholders who were enrolled or billed for a Payment Protection Product at any time between September 1, 2004 and November 11, 2010. Excluded from the class are all Chase Cardholders whose Chase Credit Card Accounts that were enrolled or billed for a Payment Protection Product were discharged in bankruptcy.

4. The Court finds the prerequisites of class certification for a settlement class under Rule 23(a) and 23(b)(3) have been met.

5. The Court hereby appoints David Kardonick, John David, and Michael Clemins as Class Representatives of the Settlement Class.

6. Having considered the factors set forth in Rule 23(g), and having found Golomb & Honik, P.C., and Carney Williams Bates Pulliam & Bowman, PLLC to be adequate, the Court hereby appoints Golomb & Honik, P.C. and Carney Williams Bates Pulliam & Bowman, PLLC as Class Counsel to represent the Settlement Class. Class Counsel and Class Representative

7. Plaintiffs have fairly and adequately represented the Class with respect to the Settlement and the Stipulation.

8. The Court hereby finds that the Settlement Agreement is the product of arm's length settlement negotiations between the Settlement Class Representatives and Class Counsel, and Defendants.

9. The Court hereby finds and concludes that the Notice was disseminated to members of the Settlement Class in accordance with the terms set forth in the Settlement Agreement, that the Long-Form Notice was disseminated to all members of the Settlement Class who requested such notice, that the Publication Notice was published in accordance with the terms set forth in the Settlement Agreement, and that the Notice, Long-Term Notice, and the Publication Notice, and their dissemination were in compliance with this Court's Preliminary Approval Order.

10. The Court further finds and concludes that the Notice, the Long-Form Notice, the Publication Notice, the Claims Forms, and the notice and claims submission procedures set forth in Section VIII of the Settlement Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided individual notice to all members of the Settlement Class who could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement and this Order.

11. This Court hereby finds and concludes that notice provided by Chase to the appropriate State and federal officials pursuant to 28 U.S.C. § 1715 fully satisfied the requirements of that statute.

3

12. The Court has considered and overruled all objections to the Settlement.

13. Several Class Members have requested to opt out of the Settlement ("Opt-Out Plaintiffs"). The Opt-Out Plaintiffs, who are listed in Docket Entry 367-7, have complied with the Court's procedures and will not be bound by the terms of this Settlement.

14. The Court hereby finally approves the Settlement Agreement and the Settlement contemplated thereby, and finds that the terms constitute, in all respects, a fair, reasonable, and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure, and directs its consummation pursuant to its terms and conditions.

15. This Court hereby dismisses, with prejudice, without costs to any party, except as expressly provided for in the Settlement Agreement, the Amended Consolidated Class Action Complaint.

16. Upon Final Approval (including, without limitation, the exhaustion of any judicial review, or requests for judicial review, from this Final Judgment and Order of Dismissal), the Settlement Class Representatives and each and every one of the Settlement Class Members unconditionally, fully, and finally releases and forever discharges the Released Parties from the Released Claims. In addition, any rights of the Settlement Class Representatives and each and every one of the Settlement Class Members to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable, or equivalent laws, are terminated.

17. Each and every Settlement Class Member, and any person actually or purportedly acting on behalf of any Settlement Class Member(s), is hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Final Judgment and Order of Dismissal, and this Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

18. The Settlement Agreement (including, without limitation, its exhibits), and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, or of any liability or wrongdoing by Defendants, or of the truth of any of the claims asserted in the Amended Consolidated Class Action Complaint or in the complaints filed in the Litigation, and evidence relating to the Settlement Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in the Litigation or in any other action or proceeding, except for purposes of enforcing the terms and conditions of the Settlement Agreement, the Preliminary Approval Order, and/or this Order.

19. If for any reason the Settlement terminates or Final Approval does not occur, then the Amended Consolidated Class Action Complaint shall be dismissed

5

without prejudice, the operative Complaints shall be the Complaints filed previously in the Litigation, and certification of the Settlement Class shall be deemed vacated. In such an event, the certification of the Settlement Class for settlement purposes shall not be considered as a factor in connection with any subsequent class certification issues, and the Parties shall return to the *status quo ante* in the Litigation, without prejudice to the right of any of the Parties to assert any right or position that could have been asserted if the Settlement had never been reached or proposed to the Court.

20. In the event that any provision of the Settlement or this Final Order and Judgment of Dismissal is asserted by Defendants as a defense in whole or in part to any Claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action, or proceeding brought by a Settlement Class Member or any Person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Settlement Agreement, this Order and this Court's authority to effectuate the Settlement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

21. By attaching the Settlement Agreement as an exhibit and incorporating its terms herein, the Court determines that this Final Judgment complies in all respects with Federal Rule of Civil Procedure 65(d)(1).

22. The Court approves, in part, Class Counsel's application for a Fee and Expense Award, and awards the amount of $3,500,000.00 in attorneys' fees and $62,676.54 in reimbursement of litigation expenses, and for Settlement Class Representatives' Awards in the amount of $2,500 to be paid to each of the three Class Representatives.

23. The Court has extended the deadline for submitting a claim on the Settlement Fund through and including September 9, 2011. Any Claim Form postmarked on or before September 9, 2011, or received on or before September 9, 2011, will be treated as timely filed.

The Court orders that this Final Judgment and Order of dismissal shall constitute a final judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure. The Clerk of the Court is directed to enter this Order on the docket forthwith.

In light of this Order, all motions to intervene are DENIED, the motions to withdraw objections are GRANTED, and all other pending motions are denied, as moot.

DONE AND ORDERED this 16th day of September 2011, in Miami, Florida.

_____
THE HONORABLE WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT JUDGE

Copies to: counsel of record

7