UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA (MIAMI)

| | |
|---|---|
| **David Kardonick, John David, and Michael Clemins, individual and on behalf of all others similarly situated and the general public**<br><br>**Plaintiffs,**<br>v.<br><br>**JP Morgan Chase & Co., and Chase Bank USA, N.A.**<br><br>**Defendants.** | Case No. 10-CV-23235 (S.D. Florida)<br><br>**CLASS ACTION**<br><br>Assigned to: Senior Judge William M. Hoeveler |

**OBJECTOR/APPELLANT'S RESPONSE TO PLAINTIFFS' MOTION TO DIRECT OBJECTORS TO POST APPEAL BOND AND**
<u>**INCORPORATED MEMORANDUM OF LAW IN SUPPORT**</u>

Objector/Appellant, William McWhorter, by undersigned counsel, responds to Plaintiffs' Motion to Direct Objectors to Post Appeal Bond and Incorporated Memorandum of Law in Support and state as follows:

<u>**INTRODUCTION**</u>

Class Plaintiffs may obtain a bond for costs under Rule 7 Fed.R.App.P., but those costs may not include attorneys' fees or a frivolous appeal penalty.

In requesting a bond Plaintiffs/Appellees have failed to calculate or ask for the actual costs of appeal; and, the $35,000 or such other amount that the Court deems appropriate to cover the potential costs and attorneys' fees are not bondable on appeal under the facts of this case.   Under Rule 7 Fed.R.App.P., a bond cannot include attorneys' fees or non designated costs. Class Plaintiffs' claim for $35,000 in attorneys'

fees and non designated costs as part of the requested appeal bond is not supported by either the Federal Rules or the law and facts of this case.  Objectors/Appellant McWhorter's objections to the Class Notices, and his appeal from the Order overruling his objections, is not frivolous and his appeal is highly unlikely to be declared so by the appellate panel.  Furthermore, even assuming *arguendo* that the United States Court of Appeals for the 11th Circuit, were to find the McWhorter appeal to be frivolous, the unlikely and speculative possibility of such a finding is not be the proper subject of an appeal bond ordered by the District Court.

It is clear that Class Counsel is seeking a $35,000.00 bond in an attempt to stifle Objector/Appellant McWhorter's appeal from this Court's approval of the settlement agreement. That is not a proper use of the rules relating to bonding, and the Court should not allow it pursuant to Rule 7 Fed.R.App.P..  Class Plaintiff's' are entitled to a bond for only those costs explicitly taxable pursuant to Rule 39 Fed.R.App.P., but not anything more.

## ARGUMENT

A.   <u>Neither the Objections Nor the Appeal is Frivolous</u>

The overarching theme of Class Plaintiffs' request for this excessive, unwarranted, and unlawful bond is that McWhorter's objections to the class notice is supposedly frivolous and/or were brought in bad faith or vexatiously, and that Objector/Appellant McWhorter's counsel is a "professional objector" who pursues

objections for improper purposes.

First, an appeal is frivolous if "the result is obvious or if the claims of error are wholly without merit." *DeWitt v. Western Pacific Railroad* Co., 719 F. 2d 1448, 1451(9th Cir. 1983). The fact that there is a body of federal jurisprudence regarding class notice shows reasonable people often differ on this issue. 28 U.S.C. §1927, which might support a bond for "vexatious litigation conduct," is inapplicable to this appeal, as it requires "bad faith or intentional misconduct by counsel." Furthermore, although the imposition of attorney's fees on appeal as a sanction is allowed under Rule 38 Fed.R.App.P., it is only available after an appellate court finds the appeal frivolous, and only upon further motion and hearing. 10 Wright, Miller & Kane, Federal Practice & Procedure, § 2675; 2675.2 (2001); *see also Azizian v. Federated Department Stores, Inc.*, 499 F.3d 950, 960 (9th Cir. 2007).

It is well established that whether an appeal is frivolous is solely within the purview of the appellate court, not the district court. *Vaughn v. American Honda Motor Co., Inc.*, 507 F.3d 295, 299 (5th Cir. 2007); *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 407 (1990); *In re American President Lines, Inc.,* 779 F.2d 714, 717 (D.C. Cir 1985). Only the appellate court has the authority to impose sanctions for a frivolous appeal. *Azizian*, 499 F.3d at 960; *In re Vasseli,* 5 F.3d 351, 353 (9th Cir 1993) citing *In re American President Lines, Inc.,* 779 F.2d 714, 717 (D.C. Cir. 1985).

In the case of *Azizian v. Federated Department Stores, Inc.*, the Ninth Circuit

3

considered the question under what circumstances a district court may require an appellant to include appellate attorney's fees in an appeal bond. *See Azizian*, 499 F.3d 950. The *Azizian* court determined that a district court only may require an appellant to secure appellate attorney's fees in the appeal bond pursuant to Rule 7 Fed.R.App.P. if an applicable fee shifting statute includes attorney's fees in its definition of recoverable costs. *Id.* at 953. In *Azizian*, the district court had ordered appellants to post a $42,000 appeal bond, representing $2,000 in appellate costs under Rule 39 and $40,000 in appellate attorney's fees. *Id.* at 954. The district court rationalized its inclusion of attorney's fees in the appeal bond by concluding that the Court of Appeal was likely to find the appeal frivolous. *Id.* Appellants tendered the $2,000 of the bond allocated to costs under Rule 39 Fed.R.App.P., but not the $40,000 allocated to attorney's fees. *Id.* The Ninth Circuit found that the appeal should not be dismissed on the merits because appellants had failed to post the full bond required by the district court. *Id.* at 954. In discussing the district court's determination that the Court of Appeal would find the appeal frivolous and therefore award attorney's fees as a sanction under Rule 38, the Ninth Circuit stated that "even if we were to conclude that [the appellant's] appeal was frivolous, however, we would reverse the district court's inclusion of appellate attorney's fees on that basis." *Id.* at 960.

     The Ninth Circuit held that the district court's inclusion of attorney's fees in the bond on the grounds that the appeal was likely frivolous was improper for three

reasons.  *Id.*  First, because an award of attorney's fees for a frivolous appeal under Rule 38 Fed.R.App.P. is very unusual, and it would be difficult for the district court to gauge whether such an award would be likely.  *Id.*  Second, if the potentially large sums possible under Rule 38 were included in Rule 7 bonds, the effect would be to chill appeals.  *Id.*  Third, Rule 38 authorizes the award of attorney's fees as a sanction for improper conduct on appeal, and only the Court of Appeals may order the sanction of appellate attorney's fees.  *Id.*  The Ninth Circuit concluded that "whether, or how, to deter frivolous appeals is best left to the courts of appeals..." *Id.* at 961.  Therefore, there is simply no provision for a district court to make an advance determination that an appeal is frivolous, much less authority for imposing a bond to include the anticipated damages and sanctions that the circuit court may ultimately determine.

      B.     **<u>Bondable Costs Do Not Include Attorneys' Fees</u>**

Class Plaintiffs suggest that this Court has the authority to include prospective attorneys' fees as items of Rule 7 costs.  In fact, the majority rule among the Circuits, endorsed by the Eleventh, Second, Sixth, and Ninth Circuits, is that a district court may include attorney's fees in a Rule 7 bond **only if** those attorney's fees would be considered recoverable costs under an applicable "prevailing party" fee shifting statute.  *See  Pedraza v. United Guaranty Corp.*, 313 F.3d 1323, 1329-30 (11th Cir. 2002)*; Azizian*, 499 F.3d at 958; *In re Cardizem CD Antitrust Litigation*, 391 F.3d 812, 817-818 (6th Cir. 2004); *Adsani v. Miller*, 139 F.3d 67, 71 (2d Cir. 1998).  In

order for attorney's fees to be included in a Rule 7 bond, the statute on which the action is based must have a "prevailing party" fee shifting provision, or must expressly hold that attorney's fees are a category of costs. *See Arencibia v Miami Shores, Inc.*, 113 F.3d 1212, 1214 (11th Cir. 1997) (statute in issue must define "costs" to include attorney's fees for the district court to have jurisdiction to award fees under procedural rules relating to costs). An older minority rule endorsed by the D.C. and Third Circuits held that Rule 7 costs on appeal are strictly limited to costs listed in Rule 39. *See In re American President Lines, Inc.*, 779 F.2d 714, 716 (D.C. Cir. 1985); *see also* 16A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3953 (3d ed. 2006).

Even when a statute contains a fee shifting provision, but only allows fees to be assessed against the wrongdoer, as where the Clayton Act fee-shifting provision allows for attorney's fees to be paid by the party found to have violated the antitrust laws, attorney's fees cannot be included in a Rule 7 appeal bond posted by a party to whom the fee-shifting provision does not apply, such as the plaintiff/appellant in *Azizian*. *See Azizian,* 499 F.3d at 959-60. There the Ninth Circuit determined that the Clayton Act's fee-shifting provision was not the type of statute that could support the inclusion of attorney's fees in an appeal bond, because the provision was "asymmetrical," in that it only awarded attorney's fees to plaintiffs who proved an antitrust injury. *Id.* at 960.

6

The case of *Adsani v. Miller*, 139 F.3d 67 (2d Cir. 1998), which Plaintiffs cite (Docket #406, page 5) in supposed support of their contention that bondable costs may include attorney's fees is unapplicable. In *Adsani* the underlying statute provided for attorney's fees; i.e. There was a "prevailing party" fee shifting statute, where either party could recover attorney's fees if the party prevailed. *See Adsani* is, 139 F.3d at 78-9. Thus, *Adsani* and all the other cases cited by Plaintiffs are, distinguishable from the instant case because the instant case has no fee shifting statute.

Case cited by Plaintiffs as allowing attorney's fees to be included in a bond in an action under the Clayton Act, *In re Nasdaq Market-Makers Antitrust Litigation*, 187 F.R.D. 124 (S.D.N.Y. 1999), also is easily distinguished from the instant case. There the court had found that the objector was attempting to use the class action as a vehicle to litigate his unrelated, 25-year-old claims against the defendants. *See In re Nasdaq*, 187 F.R.D. at 126. The fact that the court had explicitly found that the objector had so flagrantly abused the class action process distinguishes *In re Nasdaq* from the instant case, where the court has not found that Objectors/Appellants have abused the class action process. Furthermore, in *In re Nasdaq*, the court did not directly consider the issue of whether an *asymmetrical* statutory fee shifting statute could properly justify the inclusion of attorney's fees in an appeal bond. Because the action in the instant case is not predicated on federal law providing either an asymmetrical or a "prevailing party" fee-shifting provision, this Court cannot include

attorney's fees in the Rule 7 bond as a part of costs.

The Eleventh Circuit requires that the definition of "costs" for Appellate Rule 7 purposes should come from Rule 39, 28 U.S.C. § 1920, or the statute underlying the litigation." *Pedraza* supra.

This Court should be quided by In Re: AOL, 2007 WL 2741033 at 4 (S.D.N.Y September 20, 2007) wherein the Court required only that appellant in that case post a bond in the amount of $800 in order to cover the plaintiff's printing and copying costs on appeal. *Id.* at 6.

## **CONCLUSION**

This Appeal concerns the inadequateness of the class notice. Therefore, set forth above, there is no legal or factual support for the imposition of a Rule 7 bond that exceeds the actual costs to be estimated by Class Plaintiffs pursuant to Rule 39 Fed.R.App.P. No other costs are bondable under Rule 7 in this case.

**WHEREFORE**, Objector/Appellant McWhorter respectfully submit that any bond imposed may not exceed the actual costs to be estimated by Class Plaintiffs

pursuant to Rule 39 Fed.R.App.P. and estimated by Objector/Appellant McWhorter as less than $1000.00

Respectfully submitted,

/s/   N. Albert Bacharach, Jr.
N. Albert Bacharach, Jr.
Florida Bar No. 209783
Attorney for Objector William McWhorter
N. Albert Bacharach, Jr. P.A.
115 Northeast 6th Avenue
Gainesville, Florida  32601
Telephone:  (352) 378-9859
Facsimile:  (352) 338-1858
N.A.Bacharach@att.net

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10th day of November, 2011, the foregoing was filed electronically with the Clerk of the Court using the CM/ECF filing system and that all counsel of record will automatically be notified by the CM/ECF electronic mail system.

/s/   N. Albert Bacharach, Jr.
N. Albert Bacharach, Jr.