UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-23235-CIV-HOEVELER

DAVID KARDONICK, JOHN DAVID, and
MICHAEL CLEMINS, individually and on
behalf of all others similarly situated and
the general public,

    Plaintiffs,

JP MORGAN CHASE & CO. and
CHASE BANK USA, N.A.,

    Defendants.

_____

JP MORGAN CHASE & CO., and
CHASE BANK USA, N.A.,

    Petitioners,

v.

GOLOMB & HONIK, P.C.
BARON AND BUDD, P.C.,

    Respondents

_____/

## ORDER DENYING MOTION FOR SHOW CAUSE ORDER

This cause is before the Court on the Motion for Show Cause Order, filed by Defendant Chase Bank USA, N.A. ("Chase"). Chase asks this Court to issue an order to show cause why two law firms should not be held in contempt of this Court's Final Judgment and Order of Dismissal entered September 16, 2011 (ECF No. 384) ("Judgment"), approving the settlement agreement entered into between Plaintiffs and

1

Defendants. Finding no reason to issue such an order, the Court DENIES Chase's request, as explained below.

This action was filed in September 2010 as a class action alleging that Chase had engaged in misconduct in the marketing and selling of its "Chase Payment Protector" and "Payment Protection" plans (which were purportedly to provide protection to a Chase credit card consumer such that their account would not become delinquent in the event that they were unable to pay their bill due to certain specific employment or health issues). An Amended Complaint, filed in December 2010, alleged that Chase had breached a contract and engaged in fraudulent inducement, committed violations of the Truth in Lending Act (15 U.S.C. ¶ 1601), breached the covenant of good faith and fair dealing, had been unjustly enriched, and violated various states' statutes prohibiting unfair and deceptive acts. Plaintiffs also sought injunctive relief and restitution.

The Court's Judgment in this matter, which incorporated the parties' Stipulation and Agreement of Class Action Settlement, resolved all of the Plaintiffs' claims and also included a bar against future actions brought by members of the Settlement Class or "any person actually or purportedly acting on behalf" of a member of the Settlement Class. Specifically, the Judgment provided:

> Upon Final Approval, ... the Settlement Class Representatives and each and every one of the Settlement Class Members unconditionally, fully, and finally releases and forever discharges the Released Parties from the Released Claims. In addition, any rights of the Settlement Class Representatives and each and every one of the Settlement Class Members to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable, or equivalent laws, are terminated.

2

Judgment, ¶ 16. In addition,

> Each and every Settlement Class Member, and any person actually or purportedly acting on behalf of any Settlement Class Member(s), is hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Parties.

Judgment, ¶ 17. The Settlement Class Members were defined as

> All Chase Cardholders who were enrolled or billed for a Payment Protection Product at any time between September 1, 2004 and November 11, 2010. Excluded from the class are all Chase Cardholders whose Chase Credit Card Accounts that were enrolled or billed for a Payment Protection Product were discharged in bankruptcy.

Judgment, ¶ 3, (see also, Order entered February 11, 2011 (ECF No. 24)).

Chase complains that the law firm of Golomb & Honik, P.C., Plaintiffs' counsel in this action, and the law firm of Baron and Budd, P.C., counsel for plaintiffs in other legal actions against Chase, have violated this Court's Order and should be held in contempt, by filing actions in West Virginia, State of West Virginia ex rel. McGraw v. JPMorgan Chase & Co., No. 11-C-94-N (W. Va. Cir. Ct., filed August 16, 2011)[1]; Hawaii, State of Hawaii, ex rel. Louie v. JPMorgan Chase & Co., No. 12-10985-04 (Haw. Cir. Ct., filed April 12, 2012); and Mississippi, State of Miss. ex rel. Hood v. JPMorgan Chase & Co., No. G2012-1085 T/1 (Miss. Chancery Ct., filed August 6, 2012).[2] The actions were filed by these law firms acting on behalf of state attorneys

---

[1] The West Virginia case was filed prior to entry of this Court's Judgment on September 16, 2011. Reportedly, Golomb & Honik have not represented the plaintiff in that action since October 6, 2011.

[2] Two of the actions were removed to federal court (the Hawaii and Mississippi actions). The record is unclear as to the date on which the Mississippi

general, allegedly based on the same factual allegations that were at issue before this Court, and - according to Chase - seeking damages payable directly to Settlement Class Members.[3] Chase claims that the law in each of those three states requires that restitution payments recovered on behalf of the states' consumers who had been charged an excess sum must be refunded to the consumers, so any recovery would necessarily be paid to the individuals, regardless of what the lawsuits claim, and that such would result in a double recovery to such individuals.[4]

Respondents argue persuasively that the attempt by Chase to bar these actions by the state attorneys general relies on a mistaken interpretation of this Court's Order and the three actions which have been filed in those other states. According to Respondents, the actions were brought by state attorneys general on behalf of their respective states, and not on behalf of any specific Settlement Class Members.[5] Respondents Golomb & Honik correctly argue that the Court's Judgment only barred the Settlement Class Member and any "person" acting on behalf of a Settlement Class

---

action originally was filed - it was filed either on June 28, 2012, or on August 6, 2012.

[3]Chase specifically does not complain - nor would such a complaint be successful before this Court - about claims which may be filed against it seeking civil penalties payable to a state treasury or claims seeking injunctive relief on behalf of a state attorney general.

[4]As a general observation, to the extent that a class member in a particular settlement is not fully compensated for her loss or damage, it is unclear whether a concern about the risk of a "double recovery" would be as strong.

[5]Respondents also note that Chase failed to raise this issue of alleged violation of this Court's Judgment for more than one year after it was first evident as to the West Virginia case, and several months after Chase was litigating the other two states' cases.

4

Member. Respondents also argue that neither the state attorneys general - acting on behalf of their state, even if individual consumers might benefit - nor the law firm itself are considered to be a "person" whose conduct is barred by this Court's Judgment.

A review of the complaints in the three actions identified by Chase reveals that such actions were brought as consumer protection actions, and not as class actions. As noted by my brother federal judge in West Virginia, in ruling on Chase's request to retain the action in federal court rather than remanding to West Virginia state court, "consumer protection actions brought by the Attorney General under the [West Virginia Consumer Credit and Protection Act] are *parens patriae* actions, not class actions.... [T]he West Virginia Attorney General [is authorized] to seek both injunctive and monetary relief for violations of the Act ... as a *parens patriae*, that is, as the legal representative of the State to vindicate the State's sovereign and quasi-sovereign interests, as well as the individual interests of the State's citizens." West Virginia ex rel. McGraw v. JP Morgan Chase & Co., 842 F. Supp. 2d 984, 995 (S.D. W. Va. 2012). In examining the "essential nature and effect" of the proceeding (rather than conducting a claim-by-claim analysis), that judge determined that the state was the real party in interest - a conclusion with which this Court agrees. Indeed, courts in the Seventh and Ninth Circuits also have rejected a claim-by-claim analysis and instead looked to the "complaint as a whole" in determining whether the state was the real party in interest (instead of a purported class of consumers) when considering the question of federal jurisdiction over a class action. Nevada v. Bank of Am. Corp., 672 F.3d 661, 667, 669 (9th Cir. 2012), LG Display Co. v. Madigan, 665 F.3d 768, 772, 774 (7th Cir. 2011). Most recently, the Fourth Circuit adopted the "whole-case" approach

5

(thereby rejecting the "claim-by-claim" approach) and observed that "a claim for restitution, when tacked onto other claims being properly pursued by the State, alters neither the State's quasi-sovereign interest in enforcing its own laws, nor the nature and effect of the proceedings." AU Optronics Corp. v. South Carolina, 699 F.3d 385 (4th Cir. 2012).

A review of the record before me as to the actions brought in Hawaii, Mississippi and West Virginia reveals that such states, and their attorneys general acting on behalf of those states, have brought actions which fairly could be described as *parens patriae* actions, and not as class actions.[6] As such, these actions are not brought by persons prohibited from doing so by this Court's Judgment.

In another class action, filed by a national class of plaintiffs complaining of similar payment protection type plans sold by another bank, the parties agreed to a settlement, which was approved by United States District Judge Berle Schiller, after a fairness hearing. See Esslinger v. HSBC Bank Nevada, 2012 U.S. Dist. LEXIS 165773 (E.D. Pa. Nov. 20, 2012). The attorneys general of Hawaii, Mississippi, and West Virginia all had filed objections to the settlement in Esslinger, but the court

---

[6]Indeed, in an opinion issued in November 2012 in a consolidated set of cases which includes the Hawaii action against Chase noted above, my sister federal judge in Hawaii found noted that the complaint at issue against Chase expressly stated that "the Attorney General is not bringing [this] action 'on behalf of a class or any group of persons that can be construed as a class.'" State of Hawaii ex rel. David M. Louie v. JP Morgan Chase & Co., 907 F. Supp. 2d 1188, 1205 (D.Haw. 2012). The court concluded that removal jurisdiction pursuant to the Class Action Fairness Act was not available, but found that there was complete federal pre-emption, pursuant to the National Bank Act, of at least some of the claims brought by the Attorney General for the State of Hawaii. On January 29, 2013, that decision was certified for interlocutory appeal, and the case was stayed.

found that the attorneys general ("AGs") were not Class members and had no standing to object to the settlement. The court noted that: "Because they are not Class members, the AGs may continue to bring claims belonging to their respective states, such as state criminal and regulatory actions. However, the AGs are precluded from bringing claims 'in a *de facto* or *de jure* representative capacity on behalf of the plaintiffs' in this class action, because doing so would allow Class members to double recover." Id.

Thus, after a review of the record before me, I simply do not find a basis at this time for entering an order to show cause as to the respondent law firms and whether they should be held in contempt. While it is correct that the injunction contained within the Final Judgment entered by this Court is properly sought to be enforced through the court's civil contempt power, see, e.g., Faught v. American Home Shield Corp., 660 F.3d 1289, 1293 (11th Cir. 2011), Chase simply has not established a need for the exercise of such power at this time.

This Court's Judgment properly and clearly barred future actions by the Settlement Class Members and anyone acting on their behalf as to those claims resolved in this litigation. Unlike the situation before Judge Schiller in the Esslinger case, the settlement agreement and fairness hearing before this Court were silent as to the role of state attorneys general in any future actions. Further, this Court's Order approving the parties' settlement is silent as to actions which might have been brought by states or their attorneys general. (Neither the State of Hawaii, Mississippi, nor West Virginia appeared before this Court, nor did any state's attorney general enter an appearance in this action.)

7

Moreover, and as an independent reason to deny Chase's request, a quick review of the report of those potential class members who elected to opt-out of the settlement before me, see ECF No. 367-7, reveals that each of the three states listed above has at least two dozen residents who opted out of the settlement before me. In other words, there are residents of Hawaii, Mississippi and West Virginia who were customers of Chase and who are not bound by the provisions of this Court's Final Judgment. Clearly, this Court's Final Judgment did not forbid an attorney general (or any attorney) from representing individuals who wished to pursue their own claims after they opted out of the settlement of the matter over which I presided.

In conclusion, the Court does not find a basis for entry of a show cause order on the record before me. The record does not reveal that the respondent law firms engaged in misconduct or violated the terms of the Final Judgment entered in this case. As to the question of whether the Final Judgment I entered bars some aspect of the actions pending in Hawaii, Mississippi or West Virginia, I defer to the honorable courts before whom those other actions have been filed to resolve any such question. Pursuant to the terms of this Court's Order,

> In the event that any provision of the Settlement or this Final Order and Judgment of Dismissal is asserted by Defendants as a defense ... in any other suit, action or proceeding brought by a Settlement Class Member or any Person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court <u>or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion</u>.

Order, ¶ 20 (emphasis added). Based on the record before me, I am not inclined to delve further into the details of a case which is before a brother or sister judge, and instead defer to their analysis of the issues presented before them. Based on the above,

it is

ORDERED AND ADJUDGED that the Motion for Show Cause Order is DENIED.

DONE AND ORDERED in Miami, Florida, this 13th day of January 2014.

_____
WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT JUDGE

copies to:   counsel of record